UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARRIE L. PENA,

              Plaintiff,

  -against-

THE CITY OF NEW YORK, a municipal
entity; MICHAEL R. BLOOMBERG, Mayor
of the City of New York; RAYMOND KELLY,
Chief of Police, New York City Police
Department; PHILIP J. SFERRAZZA, Deputy
Inspector and Commanding Officer of the 84th
Precinct, Brooklyn, New York; POLICE
OFFICER CHERYL WILSON (SHIELD
NO. 13859); CHARLES J. HYNES, District
Attorney of Kings County; ASSISTANT
DISTRICT ATTORNEY DIRKIN; JOHN
DOE NOS. 1 THROUGH 10,

              Defendants.

------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

06-CV-0542 (NG)

**GERSHON, United States District Judge:**

      Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against defendants alleging that she was the victim of an unlawful arrest and malicious prosecution. Plaintiff seeks $5000 in damages for each day that she was allegedly unlawfully detained. Compl. at 14. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and dismisses the complaint in part for the reasons set forth below.

## BACKGROUND

      Plaintiff alleges that on June 16, 2002, she was a resident of the Stepping Stone Residence in Brooklyn, New York, when she accidentally spilled tea on fellow resident Juan Julbe. Compl. ¶¶ 23-27. Plaintiff alleges that defendant Wilson and two other police officers visited the residence shortly thereafter to investigate an alleged "assault" on Mr. Julbe. Id. ¶¶ 28-29. Despite maintaining that the

incident was an accident and that Mr. Julbe appeared to suffer no damage, plaintiff alleges that the officers claimed Mr. Julbe had second degree burns and took her to the 84th precinct to charge her for assault in the third degree. Id. ¶¶ 31-43. Plaintiff alleges that her rights were violated by the police officers, as they did not have a warrant for her arrest. Id. ¶ 57.

Plaintiff was arraigned on June 17, 2002 in Kings County Criminal Court, and after requesting permission to represent herself, plaintiff alleges that she was remanded to Rikers Island to await psychiatric evaluation. Id. ¶¶ 61-67. Plaintiff alleges that after being deemed fit to represent herself and after two appearances in criminal court in July 2002, the case was formally dismissed and sealed on January 30, 2003. Id. ¶¶ 68-72. Plaintiff alleges that in approximately November 2003, she received her records from the Stepping Stone Residence and discovered that defendant Dirkin knew as early as June 17, 2002 that Mr. Julbe did not want to testify against plaintiff. Id. ¶¶ 75-80. Plaintiff alleges that despite knowing that the case could not proceed without Mr. Julbe's testimony, defendant Dirkin still "permitted Plaintiff to be detained at Rikers Island for approximately 30 days under horrific conditions." Id. ¶ 81. Plaintiff claims that she "essentially served a 30-day sentence for assaulting Jean Julbe because Defendant Dirkin believed that Plaintiff should be punished." Id. ¶ 82.

## DISCUSSION

A. <u>Standard of Review</u>

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

B.  Municipal Liability

Plaintiff names the City of New York as defendant. In order to sustain a claim for relief under § 1983 against a municipal defendant, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). The policy or custom "need not be contained in an explicitly adopted rule or regulation," but actions by an official whose edicts or acts represent official policy may result in municipal liability under § 1983. Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999) (citation omitted). Thus, if the challenged action is directed by an official with "final policymaking authority," the municipality may be liable even in the absence of a broader policy. See Mandell v. County of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.")). Such a policy may be inferred from circumstantial proof, but the mere assertion that a municipality has such a policy is generally insufficient to support such an inference. See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). "A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or

policy." Id. (citations omitted). Furthermore, the plaintiff must produce "'some evidence that policymakers were aware of a pattern of [unconstitutional conduct] but failed to [respond].'" Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002) (quoting Walker v. City of New York, 974 F.2d 293, 300 (2d Cir. 1992)).

Plaintiff alleges that "the damages she suffered were the result of the policies, practices and/or customs of defendants ... [and] resulted from the negligently trained, supervised, and monitored defendants and other personnel and failure to promulgate and put into effect appropriate rules governing the duties of its police officers, District Attorney, Assistance District Attorneys, and other employees of the City of New York." Id. ¶¶ 100-01. However, plaintiff fails to allege that any of the named defendants had "final policymaking authority," Mandell, 316 F.3d at 385, and her conclusory statements do not support the inference of the existence of a policy or custom that caused any deprivation of her rights. Dwares, 985 F.2d at 100.

Accordingly, plaintiff's § 1983 claims against the City of New York is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); see Perez v. County of Westchester, 83 F. Supp. 2d 435, 438-39 (S.D.N.Y.), aff'd, 242 F.3d 367 (2d Cir. 2000) (dismissing case where plaintiff failed to allege facts supporting policy or custom of county).

C.  Personal Involvement

In order to maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities

4

secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] … only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

Plaintiff names Michael Bloomberg, Raymond Kelly and Philip Sferrazza as defendants.[1] It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). Plaintiff fails to allege how these three defendants were personally involved in the events underlying her complaint. As such, plaintiff's § 1983 claim against these defendants is also dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

D. <u>Prosecutorial Immunity</u>

Plaintiff's claims against defendant prosecutors are dismissed as they are immune from suit. 28 U.S.C. §§ 1915(e)(2)(B)(iii). Prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Doe v. Phillips, 81 F. 3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994). A prosecutor's immunity applies not only in a courtroom, but also in connection with the decision whether or not to commence a prosecution. Gan v. City of New York, 996 F. 2d 522, 530 (2d Cir. 1993). Therefore, plaintiff's claims against defendants Hynes and Dirkin are dismissed. 28 U.S.C. § 1915A(e)(2)(B)(iii).

---

[1] Plaintiff also names John Does Nos. 1-10 as additional defendants, but provides no facts to support a claim against these unidentified defendants.

5

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed as to defendants the City of New York, Michael Bloomberg, Raymond Kelly, Philip Sferrazza, Charles Hynes, ADA Dirkin and John Does Nos. 1-10. 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). No summons shall issue as to these defendants.

Plaintiff's complaint shall proceed against defendant Cheryl Wilson with regard to plaintiff's allegedly unlawful arrest. All other defendants shall be deleted from the caption. The Clerk of Court shall issue a summons naming Wilson as defendant. The Court directs the United States Marshal Service to serve the summons, complaint, and a copy of this Order upon defendant, without payment of fees. A courtesy copy of the same documents shall be served on the Corporation Counsel for the City of New York. This matter is referred to Magistrate Judge Lois Bloom for all further pretrial proceedings.

**SO ORDERED.**

NINA GERSHON
**United States District Judge**

Dated:
Brooklyn, New York
Feb. 21, 2006